<div style="text-align:right">Wait<br>v.<br>Belding.</div>

## WONDER WEARSE, Administrator, *versus* NOAH PEIRCE.

In an action brought by the administrator of a mortgagee against the mortgagor to recover possession of land mortgaged to secure the payment of a promissory note, it is a good defence that the note was given without consideration ; and the demandant cannot rebut such defence, either by direct evidence showing that the note was also given with a view to defraud the creditors of the mortgagor, or by arguing to the jury, from other evidence in the case, that it was so given.

WRIT of entry to recover seisin and possession of certain land in Worthington, which was mortgaged by the tenant to Timothy Doty, the demandant's intestate, on the 16th of November, 1818. The tenant pleaded *nul disseisin ;* and it was agreed that he might, under the same issue, avail himself of the statute of limitations, or of any other defence that could be specially pleaded, if the Court should be of opinion that it would be a good defence to the action upon the facts in the case.

At the trial, before *Wilde* J., it appeared that the mortgage was made for the purpose of securing the payment of divers promissory notes of the tenant, and indemnifying the intestate against divers liabilities assumed by him. The only question was in regard to two notes for the sum of $300 each, payable to the intestate, on demand, with interest. The other liabilities and notes described in the mortgage, had been discharged.

Z. Lovering, a witness called by the tenant, testified, that in January 1830, the intestate came from Worthington, where he had been on a visit to his sister, who was the wife of the tenant, and soon after, while looking over his papers, took up the two notes in question, and said, that "they were not to be paid," that "they were taken to secure some property to Mrs. Peirce, provided Mr. Peirce should be taken away before he got through paying his debts for his brother," and that the notes "were good for nothing."

A witness called by the demandant, testified that the first witness had said, since the decease of the intestate, that she knew nothing but what the notes were due. Rand, another of the demandant's witnesses, testified, that the tenant, in a conversation with the demandant, soon after he was appointed administrator, asked for a discharge of the mortgage, saying, that the notes in question were not secured by the mortgage, and that they had not been and were not to be paid.

The demandant contended, that the statute of limitations as to personal actions was not a bar to the present action, and that the tenant ought not to be permitted to show that the notes in question were given without consideration, as a defence to an action on the mortgage. But the judge ruled otherwise.

The demandant also proposed to argue to the jury, upon the evidence in the case, that if the notes were given without consideration, they were given in order to defraud creditors, and that the defence failed on that ground. But the judge ruled, that although the notes were given to defraud the creditors of the tenant, yet if the jury should be satisfied that they were without consideration, that would be a good defence to the action.

The jury found, that the notes were given without consideration.

If the whole Court should be of opinion, that the statute of limitations could well be pleaded in this action, or that the want of consideration could be shown in defence, judgment was to be rendered for the tenant ; but if the Court should be of a different opinion, or if the demandant ought to have been permitted to contend to the jury, that the notes were given to defraud the creditors of the tenant, the conditional judgment was to be entered up for the demandant.

*I. C. Bates, Dewey* and *Huntington*, for the demandant. The tenant should not have been permitted to show, that the notes were given without consideration. After condition broken, he could claim only equitable relief, and should stand in the same situation as if this were a bill in equity to redeem, in which case he would be obliged to aver payment or a tender. *Fay* v. *Valentine*, 12 Pick. 44 ; *Maynard* v. *Hunt*, 5 Pick. 240 ; *Davis* v. *Maynard*, 9 Mass. R. 242 ; Stearns on Real Actions, 263 ; *Darling* v. *Chapman*, 14 Mass. R. 101 ; *Sum-*

*ner* v. *Williams*, 8 Mass. R. 200 ; *Lockwood* v. *Sturdevant*, 6 Connect. R. 374 ; Co. Lit. 209 *b* ; *Goodtitle* v. *Bailey*, Cowp. 597 ; *Palmer* v. *Mead*, 7 Connect. R. 149 ; *Doe* v. *Pegge*, 1 T. R. 760, note. If the notes had been sealed, the want of consideration could not have been proved in defence ; and the same principle should apply when they are recited in a sealed instrument. A mortgage is not discharged by proof that the note secured thereby was without consideration.

<div style="float:right;">Wearse<br>v.<br>Peirce.</div>

The demandant was entitled to argue to the jury, that if the notes were given without consideration, they were given in order to defraud creditors, and that the tenant could not take advantage of such fraud. *Drinkwater* v. *Drinkwater*, 4 Mass. R. 354 ; *Trowbridge's Reading*, 3 Mass. R. 580 ; *Goodwin* v. *Hubbard*, 15 Mass. R. 215 ; *Ricker* v. *Ham*, 14 Mass. R. 137 ; 1 Powell on Mortg. (Rand's ed.) 17, 21, note ; 2 Powell on Mortg. 657, note ; *Parsons* v. *Welles*, 17 Mass. R 421 ; *Souverbye* v. *Arden*, 1 Johns. Ch. R. 240 ; *Jackson* v. *Garnsey*, 16 Johns. R. 189 ; *Osborne* v. *Moss*, 7 Johns. R. 161 ; *St.* 1805, *c.* 90, § 5 ; Chitty on Contr. 228 ; *Doe* v. *Roberts*, 2 Barn. & Ald. 367 ; *Deady* v. *Harrison*, 1 Stark. R. 60 ; *Taylor* v. *Weld*, 5 Mass. R. 116 ; *Divoll* v. *Leadbetter*, 4 Pick. 220.

*Forbes* and *Rising*, for the tenant, to the point, that the tenant might show that the notes were given without consideration, cited *Vose* v. *Handy*, 2 Greenleaf, 332 ; *Jackson* v. *Stackhouse*, 1 Cowen, 122 ; *Wade* v. *Howard*, 11 Pick. 289.

Shaw C. J. delivered the opinion of the Court. The action of mortgagee against mortgagor, by the laws of this Commonwealth, is substantially a statute proceeding; it is a remedy at once furnished, regulated and limited by statute. This is significantly illustrated by the case before us, which presents the legal anomaly of a real action brought by an administrator. This proceeding could only be legalized by the provisions of the statute. These however are founded upon and justified by a course of legal policy, designed to make all real estate and all rights to land, liable to the payment of the debts of the owner, and that as well by legal processes affecting it in his lifetime, as after his decease. To many purposes, a mortgage, though a conveyance of real estate, is a security for the pay

<div style="float:right;">*April term*<br>1837, *in*<br>*Hampshire.*</div>

ment of money.   As the debt goes to the personal representative, it is consistent with the general policy, that the estate constituting the pledge, should go with it, and be available to him, according to the original intent, as an actual security.

This action therefore may be considered as a special real action given by the statute to the mortgagee, in his lifetime, and to his executor or administrator after his decease, to enable him, in case the debt secured by it is not paid, to have the actual possession of the estate ; with a double view, first, that he may have the pernancy of the profits, in satisfaction, *pro tanto*, of the interest and principal due on the debt, and secondly, which may be regarded as the main purpose, that the commencement of a term of three years may be fixed, the lapse of which, if the debt remains unpaid so long, shall foreclose the mortgage and bar the right of redemption.   But both these purposes are means, to an ultimate end, that of insuring the payment of the debt secured.   If therefore the debt is fully paid or otherwise discharged, the ultimate purpose of the statute is accomplished.

By the terms of the statute, the Court are required to render a conditional judgment, to wit, that the plaintiff shall have the final process of the Court, to put him into the actual possession of the mortgaged estate, unless the debt, or the balance due upon it, is paid within sixty days from the time of the rendition of such judgment.   If the money is so paid, the process is at an end, the purpose of the statute is accomplished, and the estate stands discharged of the incumbrance.   These provisions of the statute involve the necessity, not merely of inquiring into the title put in issue by the pleadings, in this form of action, but also the existence and amount of the debt, claimed to be due, in order to the entry of the conditional judgment.   If it appears that the debt has been wholly paid, nothing remains due, no conditional judgment can be entered, the statute authorizes no other judgment, and it follows, as a necessary legal consequence, that the plaintiff can have no judgment, and the defence prevails.

We are then to apply these rules and principles to the present case.   Supposing the title to be well proved by the plaintiff as the administrator of the mortgagee, then the Court

proceed to inquire whether any thing, and if any thing what, was due on the mortgage. It appears that the mortgage was given to secure several obligations and duties, among the rest, the payment of two notes of $300 each; and all these duties and obligations were performed, except the payment of these two notes. The question was then resolved into this, whether there was any thing due on the two notes. The defendant offered evidence, mainly that of the confessions of the plaintiff's intestate, to show that they were given without consideration, and that nothing was due thereon. The question, as between original parties, whether any thing is due on a note of hand, must be conducted in nearly the same way and depend mainly upon the same evidence, whether that is the direct question put in issue by the pleadings, or whether it arises collaterally in the suit. It may be an anomaly in the law, but it is now too well settled to be questioned, that in a suit by promisee against promisor, want of consideration is a good defence. Conformably to this rule, the Court are of opinion, that this was a proper subject of inquiry in the present case; and as all the other obligations secured by the mortgage had been performed, and as the jury found that these notes were given without consideration, there was nothing to found a conditional judgment upon, and this amounted to a good defence. The decision of the Court therefore was right, that if the notes were given without consideration, it was a good bar to the action, by showing nothing due.

But the demandant contended, that if the notes were given by the defendant with a view to secure property to his wife, to delay and defraud his own creditors, he was estopped from showing a want of consideration by way of defence to the action. But we think the judge was correct in directing the jury, that if the notes were made without consideration, it might be shown in defence, and that it was not competent for the demandant to rebut this defence by showing that the notes were also fraudulent as given to delay creditors, or to avail himself of incidents coming out in the general inquiry, to argue that fact to the jury. The general rule of policy is, in *pari delicto potior est conditio defendentis*. If there was an intent to defraud creditors, it was an intent common to both parties,

*Wearse*
*v.*
*Peirce.*

affecting as well the plaintiff's intestate as the defendant. It is the plaintiff who is the actor and is seeking to enforce the payment of these notes. It may well be held, that the defendant would not be permitted to show that the notes were made to delay and defeat creditors as a substantive ground of defence, on the well known maxim, *nemo allegans suam turpitudinem audiendus sit ;* and therefore if a legal consideration were shown, such a defence could not avail. But independently of this ground, he shows want of consideration, and it is the demandant who seeks to rebut that defence, by showing that the notes were given as well to defeat creditors, as without consideration. If he could not do that directly by giving the fact in evidence, we think he could not do it indirectly by an argument to the jury founded on circumstances coming out casually from evidence, offered for another and a different purpose.